**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACK TERZI,<br>Appellant,<br>v.<br>CPIF MRA, LLC,<br>Appellee. | Civil Action No. 26-7791 (MAS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Appellant Jack Terzi's ("Appellant") Appeal of the Bankruptcy Court's June 11, 2026, Order (the "Order") granting Appellee CPIF MRA, LLC's ("Appellee") Motion for a Determination that a Term Sheet Failure Occurred Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.[1] (ECF No. 1). Appellee opposed on September 4, 2026 (Appellee's Opp'n Br., ECF No. 8), and Appellant did not file a reply. The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

By way of brief background, nonparty Debtors JTRE 14 Vesey LLC and 14 Vesey Partners (DEL) LLC[2] (the "Nonparty Debtors") commenced a Chapter 11 action on February 28, 2024. (*See* ECF No. 1, *In re JTRE 14 Vesey LLC*, No. 24-12087 (Bankr. D.N.J.).) Appellant represents that he is: (1) the principal of the Nonparty Debtors; (2) a party to the Rule 9019 Settlement Term

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Bankruptcy Procedure.

[2] Nonparty Debtors filed their own appeal in a related case before this Court challenging the Order. (*See In re JTRE 14 Vesey LLC*, No. 26-7791 (D.N.J.).) That appeal remains pending.

Sheet; and (3) an interested party insofar as he is directly aggrieved by the Order. (Appellant's Br. 1, 3, ECF No. 6.) Appellee is a secured lender who filed a proof of claim against the Nonparty Debtors in the amount of $29,016,757.66. (App'x Vol. II 247, ECF No. 6-2.) On July 1, 2024, the Bankruptcy Court approved the parties' Binding Settlement Term Sheet (the "Settlement Term Sheet"), providing for a global settlement of Appellee's claim against the Nonparty Debtors. (*Id.* at 17-19.)

On April 14, 2026, Appellee moved for a declaration that one or more breaches of the Settlement Term Sheet occurred, asserting that: (1) Appellant interfered with a property sale; (2) a lapse in insurance overage occurred for the Nonparty Debtor's real properties; and (3) Appellant and the Nonparty Debtors failed to satisfy the real estate tax requirement and other associated administrative costs. (*Id.* at 244-46.) On April 30, 2026, the Nonparty Debtors filed their opposition to Appellee's motion. (*Id.* at 340-62.) Appellant filed a declaration on behalf of the Nonparty Debtors as principal in connection with their objection, in which Appellant attested to only his personal knowledge of the facts underlying the Nonparty Debtors' objection. (*Id.* at 363-64.) Appellant otherwise did not file an objection in his individual capacity as an interested party. On June 11, 2026, the Bankruptcy Court granted Appellee's motion and ordered, among other things, that: (1) one or more Settlement Term Sheet failures occurred; (2) Appellee's claim against the Nonparty Debtors was to be reinstated; and (3) Appellant was not to be released from his personal guarantees for the benefit of Appellee upon the sale of any of the Nonparty Debtors' real properties. (*See* App'x Vol. I 7, ECF No. 6-1.) This appeal followed.

Appellant contends that the Bankruptcy Court erred by not holding an evidentiary hearing in connection with Appellee's motion and by deciding disputes of material fact without hearing testimony. (*See generally* Appellant's Br., ECF No. 6.) Appellee asserts that this appeal should be

dismissed because Appellant did not individually lodge his own objection to Appellee's motion, and instead, he waived and/or forfeited his right to appeal the Order.[3] (*See generally* Appellee Opp'n Br.) The narrow issue here, therefore, is whether the Court may hear this appeal even though Appellant did not contest Appellee's motion as an interested party. The Court finds that Appellant waived his ability to appeal the Order as an interested party.

District courts in the Third Circuit generally do not consider arguments that were not raised in the bankruptcy court proceedings. *See In re Imerys Talc Am., Inc.*, 38 F.4th 361, 372 (3d Cir. 2022) (citing *In re Trib. Media Co.*, 902 F.3d 384, 400 (3d Cir. 2018)) ("[I]n bankruptcy appeals, avoiding a waiver determination at the district court . . . requires a party to have properly brought the argument before the bankruptcy court."); *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing *Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 253 (3d Cir. 2000) ("[W]hen a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal.")). The only exception to the waiver principle is when the new argument on appeal pertains to subject matter jurisdiction. *See In re Kaiser Grp.*, 399 F.3d at 565.

Here, Appellant does not assert any arguments regarding subject matter jurisdiction. (*See generally* Appellant's Br.) Nor did Appellant reply to Appellee's contention that he waived his ability to appeal the Order. Instead, the record shows that Appellee filed the motion, the Nonparty Debtors filed an objection, Appellant did not file an objection, and the Bankruptcy Court held a hearing in accordance with D.N.J. LBR 9013-2. (*See generally* App'x Vols. I & II.) Although the Court is mindful that Appellant is appearing *pro se*, a *pro se* litigant may still waive an argument if it was not raised before the bankruptcy court. *See In re Smith*, 757 F. App'x 77, 81 (3d Cir. 2018)

[3] Appellee did not file a motion to dismiss.

(citation omitted) (finding that *pro se* appellant "did not preserve for review any of the arguments that she presented to the [d]istrict [c]ourt because she did not appear at the [hearing before the bankruptcy court] to register any objections."). In sum, because Appellant did not oppose Appellee's motion in the Bankruptcy Court, he has waived his arguments on appeal.

Based on the foregoing,

**IT IS**, on this 19th day of November 2026, **ORDERED** as follows:

1. Appellant's Appeal (ECF No. 1) is **DENIED**.

2. The Bankruptcy Court's June 11, 2026, Order (ECF No. 1-2) is **AFFIRMED**.

3. The Clerk of the Court shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE